United States District Court
District of South Carolina

| | |
|---|---|
| Ronald Ceo, #258464; ) | C/A No. 4:06-2003-RBH-TER |
| ) | |
| Petitioner; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| John Ozmint, Director of SCDC; and Henry McMaster, ) | |
| Attorney General for South Carolina; ) | |
| ) | |
| Respondents. ) | |
| ) | |

The Petitioner, Ronald Ceo (hereafter, the "Petitioner"), is a state prisoner proceeding *pro se* under Title 28 United States Code Section 2254. By definition, the relief which the Petitioner seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(b)(3). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND**

The Petitioner is incarcerated at Lee Correctional Institution. On May 24, 1999, he entered a guilty plea before the Marion County Court of General Sessions to a charge of homicide by child abuse. See State v. Ceo, 1999-GS-33-0009. His direct appeal was denied by the South Carolina Court of Appeals on June 7, 2000. See State v. Ceo, 2000-UP-0432 (S.C. Ct. App. 2000). Petition filed a Post-Conviction Relief (PCR) application in August 2000 which was dismissed in July 2002. The South Carolina Supreme Court dismissed his *certiorari* petition

1

in November 2003.

Under Houston v. Lack, 487 U.S. 266 (1988), Petitioner commenced his first petition for relief under 28 U.S.C. § 2254 in this Court this action on January 30, 2004. See Ceo v. Ozmint, et al, 4:04-0213-RBH-TER (D.C. S.C. 2004). Petitioner advanced four grounds for *habeas corpus* relief: (1) failure of trial counsel to object to comments of the solicitor that Petitioner had a history of abuse; (2) failure of trial counsel to investigate the cause of the victim's death; (3) failure of counsel to research law and properly advice Petitioner on the matter of sentencing; and (4) lack of subject matter jurisdiction in the trial court. The respondents were served and filed a motion for summary judgment. On October 7, 2004, the undersigned filed a Report that recommended summary judgment for the respondents. Petitioner filed objections to the Report in October. Then, in January 2005, he filed a motion to dismiss the petition. On January 21, 2005, the Honorable R. Bryan Harwell, United States District Judge for the District of South Carolina granted the motion and dismissed the petition without prejudice.

This court may take judicial notice of its own records in this prior case. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); Shoup v. Bell & Howell, 872 F.2d 1178, 1182 (4th Cir. 1989); Daye v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

Petitioner filed his current petition on July 12, 2006. He denominates his pleading an "Amended Petition" for *habeas corpus* relief bearing the prior civil action number. Petitioner has not sought leave of this Court to reopen his prior action and, therefore, a new civil action

number has been assigned. The present petition raises the same four grounds previously reviewed by the undersigned. In addition to these issues, Petitioner also describes a proceeding in the Marion County Court of Common Pleas (2005-CP-33-0107) which he initiated after dismissing his original § 2254 in this Court:

> Petitioner filed a State Writ of Habeas Corpus in the Marion County Court of Common Pleas on March 23, 2005, alleging that the Director of the S.C. Dept of Corrections violated Petitioner's Procedural Due Process by denying rehabilitation under Art. XII §2 of the S.C. Constitution. Petitioner also alleged that the Director of the S.C. Dept of Correction was determining his good time credit pursuant to an Act that is unconstitutional, violating his liberty interest, and that he was being held in Custody of an unlawful provision. The Respondent was represented by Nikole D. Hatiwanger, Esquire, and made its Turn and Motion for Summary Judgment on May 3, 2005. A hearing was convened on the Motion on June 2, 2005. Summary Judgement was granted to the Respondent by the Honorable James E. Lockemy. Petitioner filed a Notice of Intent to Appeal on the order, on August 3, 2005. The Respondents filed a Motion to Dismiss the Appeal on November 7, 2005 for failing to order the transcript. Petitioner filed a return to the Respondents Motion to Dismiss on November 16, 2005. The Respondents filed a reply to Petitioners Return to Motion to Dismiss on November 23, 2005. The S.C. Court of Appeals Associate Justice, the Honorable Jasper Cureton, granted the Respondents Motion to Dismiss on January 9, 2006. On January 20, 2006, Petitioner filed a Petition for Rehearing. The S.C. Court of Appeals denied the Petition for Rehearing on April 19, 2006. The Remittitur was dated May 23, 2006. On June 9, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the original jurisdiction of the S.C. Supreme Court alleging each amended claim, in this Petition for Writ of Habeas Corpus. The S.C. Supreme Court denied the Petition for Writ of Habeas Corpus in an order dated June 21, 2006. Now that Petitioner exhausted all his state remedies, he resubmits his Petition for Writ of Habeas Corpus that has been dismissed without prejudice with amendments to the claims that has been presented to the states highest court.

[Docket Entry # 1-1, pop. 2-3.]

### *PRO SE* PETITION

The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.

2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the Petitioner could prevail, it should do so.  Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the Petitioner's legal arguments for him.  Small v. Endicott, 998 F.2d 411 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

A careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4thCir. 1995); Todd v. Baskerville, 712 F.2d 70 (4thCir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4thCir. 1979).

## DISCUSSSION

It appears that Petitioner voluntarily dismissed his prior § 2254 petition in order to seek state court relief from an allegedly improper sentence calculation.  The South Carolina Department of Corrections (SCDC) Policy/Procedure GA-01.12 "Inmate Grievance System" (November 1, 2004) provides a procedure whereby inmates may challenge sentence calculations.  Inmates are required to attempt informal resolution before filing a grievance.  The actual process consists of two stages: Step One (SCDC Form 10-5) is reviewed by the administration of a given correctional institution; Step Two (SCDC Form 10-5A) is reviewed within SCDC above the level

of the institution warden.[1]   SCDC deadlines for review of Step One grievances and Step Two appeals are forty (40) and sixty (60) days respectively.[2]   Denial of a Step Two grievance constitutes the final decision of SCDC.

For certain matters, however, SCDC inmates may appeal the Step Two denial to the South Carolina Administrative Law Court (ALC).  Among the matters subject to ALC review are Petitioner's allegations that his sentence has been improperly calculated and that good conduct credit has been denied.  See Sullivan v. SCDC, 586 S.E. 2d 124, 127 (S.C. 2004); Al-Shabazz v. State of South Carolina, 527 S.E. 2d 742, 753-757 (S.C. 2000).

It is not known why Petitioner chose to file a state "habeas corpus" petition in the Marion County Common Pleas Court rather than pursue the established procedure described above.  The grounds for its dismissal are not known.  They do not affect the result in this action.  Finally, it is not known why Petitioner failed to order a transcript to support his appeal from the dismissal.  He cannot claim, however, that this irregular procedure constituted exhaustion of available state court remedies for the alleged miscalculation of his sentence.  Essentially, Petitioner has at no point commenced – much less exhausted – the available procedure.  No reason appears why he cannot at the present time initiate a Step One grievance to correct his sentence calculation.

Relief under § 2254 may only be pursued in this Court after a petitioner has exhausted

---

[1] – On May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the requirements of 42 U.S.C. § 1997e(a)(2).  *See* Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996).

[2] – The current SCDC Policy/Procedure GA-01.12 "Inmate Grievance System" allows forty (40) calendar days for a Warden to respond to Step One and sixty (60) calendar days thereafter for a determination upon a Step Two appeal.  See paragraphs 14.3 and 14.4.  Moreover, the directive provides that "in all instances, grievances will be processed from initiation to final disposition within 105 days except when the Chief/Designee, Inmate Grievance Branch, specifically agrees to a request for an extension."  See paragraph 11.  The maximum extension period is limited to seventy-five days, with the specific provision that no grievance process may exceed one hundred eighty days.

his state court remedies.  See 28 U.S.C. § 2254(b);  Picard v Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court,  410 U.S. 484,  490-491 (1973).  The exhaustion requirement is "grounded in principles of comity; in  a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991).

In Mallory v. Smith, 27 F. 3d 992, 994 (4th Cir. 1994), the United States Court of Appeals for the Fourth Circuit declared that the habeas petitioner must "make more than a perfunctory jaunt through the state court system."  A petitioner is required to present fully and squarely to the state courts the same issues upon which he would rely in this Court.  In Matthews v. Evatt, 105 F3d. 907 (4$^{th}$Cir. 1997), the Fourth Circuit once again reviewed the authorities on the exhaustion requirement (including Mallory) and declared that  "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his  claim to the state's highest court.  The burden of proving that a claim has been exhausted lies with  the petitioner." 105 F 3d at 910-91l (citations omitted).

When a petition for *habeas* relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the S. C. Supreme Court actually reached the merits of the claim.  If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of *habeas corpus* in the federal courts. Richardson v. Turner, 716 F.2d 1059 (4th Cir.1983); Patterson v. Leeke, 556 F.2d 1168 (4th Cir.1977). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust

6

the claims.

    Ultimately, this Court is now presented with a "mixed" petition (a petition raising both exhausted grounds and unexhausted grounds) of the type discussed by the United States Supreme Court in <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).  In such cases, the petition should be dismissed, with leave for the petitioner to submit either a new petition that contains only grounds as to which state remedies have been exhausted, or to complete exhaustion as to all grounds before submitting another federal petition.  Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without requiring the respondents to file an answer return.  *See* <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  The Petitioner's attention is directed to the notice on the next page.

                                            Respectfully Submitted,

                                            s/Thomas E. Rogers, III

                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

September 11, 2006
Florence, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("Petitioner's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**