IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RONALD CEO, | ) | Civil Action No.: 4:06-cv-2003-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN OZMINT and HENRY McMASTER, | ) ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

The Petitioner, Ronald Ceo, is a state prisoner proceeding *pro se* under Title 28 U.S.C. § 2254.

This case was assigned to United States Magistrate Judge Thomas E. Rogers, III pursuant to Title 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2)(c) (DSC). Pending before the court is a Report and Recommendation (hereinafter "Report") from the Magistrate Judge entered on September 11, 2006. In the Report, the Magistrate Judge recommended that the petition be dismissed without prejudice and without requiring the Respondents to file an answer. The basis for the Magistrate Judge's recommendation was that the Petitioner had not exhausted his state court remedies with regard to his grievance to correct his sentence calculation. Thus, the Magistrate Judge concluded that the Petitioner's petition was a "mixed" petition (a petition raising both exhausted and unexhausted grounds) of the type discussed in *Rose v. Lundy*, 455 U.S. 509 (1982). The Magistrate Judge recommended that the petition be dismissed without prejudice for failure to exhaust all of the Petitioner's state court remedies.

However, in the Petitioner's timely filed Objections to the Report, the Petitioner states that his Petition is not a "mixed" petition as he is not asserting the unexhausted claim

concerning the miscalculation of his sentence and that he never intended to bring such a claim. The Petitioner is correct. Briefly summarized, Petitioner's claims for relief in the instant petition are: 1) failure of trial counsel to object to comments of the solicitor that Petitioner had a history of abuse; 2) failure of trial counsel to investigate the cause of the victim's death; 3) failure of counsel to research law and properly advise Petitioner on the matter of sentencing; and 4) lack of subject matter jurisdiction in the trial court. Petitioner does not make a direct challenge to his sentence calculation in the instant petition.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After due consideration, this court finds that the Petitioner's objection is appropriate and as such, this court respectfully declines to adopt the Magistrate Judge's recommendation of dismissal of the petition without prejudice and without requiring the Respondents to file an answer. The Magistrate Judge's Report is hereby rejected and this case is recommitted to the Magistrate Judge for consideration of the remaining claims.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

March 16, 2007
Florence, South Carolina