IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RONALD CEO, | ) | C/A No. 4:06-2003-RBH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| WARDEN OF LEE | ) | |
| CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Ronald Ceo  ("petitioner/Ceo"), a pro se prisoner, seeks habeas relief pursuant

to 28 U.S.C.  2254.  This matter is before the Court on respondent's motion for summary judgment.

(Docket Entry # 25.)[1]

Petitioner filed this petition for a writ of habeas corpus on July 12, 2006.  On July 18,  2007,

respondent filed a motion for summary judgment, along with supporting memorandum and exhibits.

The undersigned issued an order filed July 19, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309

(4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible

consequences if he failed to respond adequately.  On August 20, 2007, petitioner filed a response

to respondent's motion for summary judgment.

---

[1]This habeas corpus case was automatically referred to the undersigned United States
Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02,
DSC. Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

## I.  FACTS/PROCEDURAL HISTORY

The procedural history as set forth by respondent in his memorandum has not been seriously disputed by petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by respondent.

In February 1999, petitioner was indicted for homicide by child abuse, and three counts of unlawful conduct towards a child. (App. 176-177.)   Marion County Public Defender William S. Derrick represented petitioner on these charges.  On May 24, 1999, petitioner pleaded guilty to homicide by child abuse before the Honorable James R. Barber, III, and Judge Barber sentenced him to thirty-five years imprisonment. (App. 3-7;  11-37.)   Petitioner timely served and filed a notice of appeal.

On February 3, 2000, Assistant Appellate Defender Aileen P. Clare filed a Anders[2] Brief and petitioned to be relieved as counsel. (App. 39-49.)   The only issue raised in the Anders brief  was: Whether the lower court erred by considering improper factors in sentencing [petitioner]. (App. 42.) On June 7, 2000, the South Carolina Court of Appeals dismissed the appeal and granted counsel's request to be relieved in State v. Ceo, 2000-UP-432 (S.C. Ct. App. filed June 7, 2000). (App. 50-51.) The remittitur was sent down on June 26, 2000.

On August 28, 2000, petitioner filed an application for post-conviction relief ("PCR") raising the following grounds for relief:

> 1. Ineffective assistance of trial counsel;
>
> 2. The General Assembly violated the single subject clause . . . when it enacted Bill 3096 "Truth-in Sentencing" when it included within one bill unrelated provisio [sic] AN§ 17- 25-45(B) of that act and

---

[2]Anders v. California, 386 U.S. 738 (1967).

Applicant's sentence are unconstitutional, and Applicant was denied due process of law and effective assistance of counsel in violations of S.C. Const. Art. I, §§ 3 & 14, and the Sixth and Fourteenth Amendments of the United States Constitution, and therefore applicnats (sic) sentence is not applicable and his sentence must be rretd. (Sic).

3. Trial counsel failed to investigate the case and to do proper research which prejudiced the case and forced Applicant to plea guilty and eroneously (sic) convinced him that he would only have to serve
51% of the sentence.

4. Solicitor promised to make recommendation to the court if applicant would accept the guilty plea. Solicitor failed to make such a recommendation, which would have changed the outcome of the length of sentence given by the court.

5. Applicants counsel was ineffective under the principles of Hill v. Lockhart.

(App. 52-57.) On August 24, 2001, petitioner filed an amended PCR application raising the

following grounds for relief, quoted verbatim:

1. Trial counsel was ineffective assistance of counsel when he failed to properly investigate the case, form a defense strategy, and violated Applicants Sixth Amendment rights.

A. Counsel failed to discover evidence that could have been used as a defense theory at trial to prove innocence of applicant as to the charge before the court.

B. Counsel failed to seek experts and expert witnesses to Contest the states theory of Cause of Death.

C. Counsel failed when he did not discover Evidence that nine individuals performed CPR on the Child and any one of these nine individuals could have caused the injuries and death of the child. One would have refuted the states theory based upon the marks and signs upon the body of the child (as a false reading of child abuse) this would have presented a defense theory sufficient to establish reasonable doubt at trial.

D. Counsel failed when he did not take case to trial and present expert testimony that their was a likelihood that CPR caused the death of the child due to the blow to the chest prosecution theory . . .

E. The theory of the State's case was solely based upon the statements of Sandra E. Conrdi, M.D. . . . report . . . which stated in part: [the victim] died as a result of cardiac tamponade with cardiac laceration and pulmonary contusion due to blunt injury to the chest with compression." A defense expert could have established . . . that this cause of death was not by the plaintiff by during CPR by any one of the nine other individuals who applied CPR to child and/or by Thumper if and when applied to child to resuscitate child, thus causing injuries and death. . . .

F. Applicant has no knowledge that his counsel for trial ever spoke to an expert witness and if he did the opinions of that expert were never heard by a jury.

G. Because counsel never presented a defense at trial the EMS witness testimony was never heard.

H. The cause of death being the primary issue for trial to prove applicant guilty there was sufficient expert evidence needed to prepare a defense that counsel failed to seek sufficient expert to formulate a defense and his investigation of both the law and the case was insufficient and he did not form a defense theory for a defense thus depriving applicant of a cognizable defense that would have resulted in a jury verdict of not guilty.

I. Trial counsel was ineffective for failing to offer expert testimony on the issue of cause of death, seeking same, and formulating a defense of same.

J. Said performance fell below an objective standard of reasonableness and prejudiced Applicant.

K. There is reasonable probability that the result at trial would have been different, which undermines confidence in the conviction due to counsel's inadequate representations.

(App. 58-107.)   On June 3, 2002, an evidentiary hearing was held before the Honorable James E.

Brogdon, Jr.   Petitioner was present at the hearing and represented by attorney Paul Archer.  After

the hearing, on July 9, 2002, Judge Brogdon  denied and dismissed the application. (App. 170-174.)

In his order, Judge Brogdon addressed only whether counsel was ineffective for (1) failing to spend

sufficient time with petitioner; (2) failing to investigate for witnesses; (3) advising petitioner that

he did not have a legal defense to the charge; and (4) failing to adequately argue in mitigation of

punishment.  *Id.*

Petitioner timely served and filed a notice of appeal.  Attorney Clare, again, represented him

during this  appeal.  On March12, 2003, petitioner filed a petition for writ of certiorari raising the

following question: Was trial counsel ineffective for failing to investigate and object to inaccurate

an[d] prejudicial information offered at sentencing? (Pet. for Writ of Cert. 2.)  On November 6,

2003, the South Carolina Supreme Court denied petitioner a writ of certiorari on November 6, 2003.

The remittitur was sent down on November 24, 2003.

On June 30, 2004, petitioner then filed a petition for habeas relief in this court, C/A No.

4:04-0213-27BH, in which he raised the following grounds for relief:

> 1. Counsel was ineffective for failing to object to Solicitor's untrue
> and misleading comments that Petitioner had a history of abuse.
> Counsel was ineffective for failing to object and correct the
> misleading statement made by the Solicitor that the Petitioner abused
> his other children when there was no evidence of abuse neither was
> Petitioner charged with the alleged offenses;
>
> 2. Counsel was ineffective for failing to investigate and challenge the
> state's contradicting indictment of the cause of death;
>
> 3. Counsel was ineffective for failing to research the law and facts
> surrounding the imposition of the sentence. Counsel gave erroneous
> sentence advice to Petitioner which prejudiced him to plea guilty;

> 4. Court lacked subject matter jurisdiction to sentence Petitioner under an unconstitutional provisional review of the relevant law to show the truth-in-sentencing provision was unconstitutional at the time of the sentencing.

Respondents filed for summary judgment and the undersigned filed a report and recommendation recommending granting the respondent's motion on the merits.  Petitioner filed objections to the report and subsequently a motion to dismiss in which he stated he wanted to pursue relief in the lower courts.  On January 21, 2005, the United States District Court Judge R. Bryan Harwell granted petitioner's motion to dismiss without prejudice.

On March 22, 2005, petitioner filed a second motion for habeas relief in the state circuit court raising the following grounds for relief:

> 1. Petitioner now alleges that Petitioner is being held in custody under al unlawful provision and the Commissioner of the South Carolina Department of Corrections is determining the Petitioner's good-time credit pursuant to an Act that is unconstitutional, violating his liberty and property interest; and Petitioner's claims could have been pursued only under the internal grievance procedure at SCDC and the Administrative Procedures Act, see Al-Shabazz v. State, 527 S.E.2d 742 (S.C. 2000), and were not cognizable in PCR or habeas.

> 2. The State and the Commissioner of the Department of Corrections is violating Petitioner's property interest, liberty interest and procedural due process by denying him rehabilitation under Art. XII § 2 of the South Carolina Constitution.

On April 27, 2005, the State filed a motion to dismiss the Attorney General.  On May 23, 2005, the court granted the State's motion. On May 25, 2005, respondents Padula and Ozmint filed a motion to dismiss. On June 10, 2005, the Honorable James E. Lockemy granted respondents Padula and Ozmint's motion for summary judgment.  Petitioner served and filed a timely notice of appeal. On September 2, 2005, petitioner filed an initial brief raising the following grounds:

> (1) Did the lower court err in determining that Appellant had no protected liberty interest in regards to rehabilitation under Article XII, § 2 of the South Carolina Constitution?
>
> (2) Did the lower court err in determining that Bill 3096, Act 83, as applied to Appellant, does not violate the Single Subject Clause of the South Carolina Constitution under Article III, § 17?

On November 7, 2005, respondents filed a motion to dismiss on the ground that petitioner's brief did not comply with the Appellate Court Rules and petitioner failed to timely order the transcript of record or otherwise designate any matter to be included in the record on appeal. On January 9, 2006, the South Carolina Court of Appeals dismissed petitioner's appeal for failing to order the transcript as required by Rule 207 SCACR and on April 14, 2006, the South Carolina Court of Appeals issued an order denying petitioner's petition for a rehearing. On May 23, 2006, the South Carolina Court of Appeals issued a remittitur sending the case back to the circuit court.

On June 9, 2006, petitioner then filed a petition for a writ of habeas corpus in the original jurisdiction of the South Carolina Supreme Court raising the following grounds:

> 1. Counsels failure to investigate, prepare a defense, and to familiarize himself with the facts and law relevant to petitioner's case made him so ineffective that petitioners guilty plea was not made knowing and voluntary, in violation of the sixth amendment of the U.S. Constitution.
>
> 2. Counsel were ineffective for failing to investigate and discover that petitioner's children was not abused violating petitioner's sixth amendment right under the U.S. Constitution. Counsel was also deficient for failing to object to the sentencing courts erroneous, untrue, and prejudicial responses violation of petitioners due process under the fifth and fourteenth amendment under the United States Constitution.
>
> 3. Counsel was ineffective for giving petitioner erroneous sentencing advise violation petitioners sixth amendment right to the effective assistance of counsel under the United States Constitution and

7

> Petitioner's due process right to effective assistance of counsel under
> the S.C. Constitution, Art. I, § 3, 14.
>
> 4. Counsel was ineffective for failing to investigate and discover the
> fact that the truth-in- sentencing provision that petitioner was
> sentenced under violated the single subject clause of the S.C.
> Constitution.

On the same day, June 9, 2006, petitioner also filed an affidavit in support of his habeas petition.

On June 21, 2006, the South Carolina Supreme Court denied petitioner's petition.  A remittitur was

not sent down in connection with this case because it was brought in the court's original jurisdiction.

Petitioner then filed an "Amended Petition for Habeas Corpus Relief" in this Court on July

12, 2006.  On September 11, 2006, the undersigned issued a Rule to Show Cause and a Report and

Recommendation recommending dismissal.  Noting petitioner had not filed any objections to the

report, Judge Harwell dismissed the petition on September 29, 2006.  However, on October 4, 2006,

petitioner filed objections to the report and a motion for leave of court to reopen the prior action.

On March 15, 2007, Judge Harwell denied the motion for leave to reopen the prior action.  On

March 16, 2007, Judge Harwell entered an order rejecting the undersigned's report and

recommendation, and recommitted the case for consideration of remaining claims.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegations in his petition for habeas relief:

> **GROUND ONE:** Counsels failure to investigate, prepare a defense,
> and to familiarize himself with the facts and law relevant to
> petitioners case made him so ineffective that petitioners guilty plea
> was not made knowing and voluntary, in violation of the sixth
> amendment of the U.S. Constitution.
>
> **GROUND TWO:** Counsel was ineffective for failing to investigate
> and discover that petitioners children was not abused violating

8

petitioners sixth amendment right under the U.S. Constitution. Counsel was also deficient for failing to object to the sentencing courts erroneous, untrue, and prejudicial responses violating petitioners due process under the fifth and fourteenth amendment under the U.S. Constitution.

**GROUND THREE:** Counsel was ineffective for giving petitioner erroneous sentencing advise violating petitioners sixth amendment right to the effective assistance of counsel under the U.S. Constitution.

**GROUND FOUR:** Counsel was ineffective for failing to investigate and discover the fact that the truth-in-sentencing provision that petitioner was sentenced under violates the single subject clause of the S.C. Constitution Art. III, §17 making petitioner sentence illegal in violation of the sixth amendment of the U.S. Constitution.

(Pet.)

## III. SUMMARY JUDGMENT

As stated above, on July 18, 2007, the respondent filed a return and memorandum of law in support of their motion for summary judgment and petitioner filed a response in opposition and his own motion for summary judgment on August 20, 2007.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court

9

 assume the existence of a genuine issue of material fact where none exists.   If none can be shown,

the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once

the moving party makes this showing, however, the opposing party must respond to the motion with

"specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on

the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e);  Celotex v. Catrett, 477 U.S.

317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both

parties have had ample opportunity to explore the merits of their cases and examination of the case

makes it clear that one party has failed to establish the existence of an essential element in the case,

on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the

movant can show a complete failure of proof concerning an essential element of the non-moving

party's case, all other facts become immaterial because there can be "no genuine issue of material

fact."  In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under

Rule 56(c) because the petitioner had failed to make a sufficient showing on essential elements of

his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since petitioner filed his petition after the effective date of the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d),

as amended.  Lindh v. Murphy, 117 S.Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th

Cir.1998); Green v. French, 143 F.3d 865 (4th Cir.1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. *See* O'Brien v. DuBois, 145 F.3d 16 (1st Cir.1998) (holding "the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 1521.

## V. DISCUSSION AS TO STATUTE OF LIMITATIONS

Respondent asserts that the petitioner's claims must be dismissed as untimely.  Specifically, respondent asserts that the petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One

11

of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of

limitations for filing habeas petitions.[3]  Subsection (d) of the statute now reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, the South Carolina Court of Appeals affirmed the

petitioner's conviction on June 7, 2000.  Petitioner's conviction became final thirty days afterwards,

or July 7, 2000, and he then had one year within which to file a habeas petition.  He filed his first

---

[3]Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v.Hershberger, 947 F.Supp. 146, 148 n. 2 (D.N.J. 1996).

12

PCR application on August 28, 2000.  At that point, 52 days of non-tolled time had passed between the conclusion of direct review and the filing of this PCR application leaving petitioner 313 days to file for federal habeas review.

The period of limitations for filing his federal habeas action was tolled during the pendency of the PCR.  Petitioner's PCR concluded on November 24, 2003, when the South Carolina Supreme Court sent the remittitur down following its denial of the petitioner's PCR.  As stated above, petitioner had 313 days of non-tolled time remaining in which to file his federal habeas petition. Petitioner then filed his first petition for habeas relief in this court, C/A No. 4:04-0213-27BH on June 30, 2004, which was dismissed pursuant to petitioner's motion to dismiss.

The filing of petitioner's first habeas action did not toll the statute of limitations because § 2244(d)(2) does not toll the limitations period during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167 (2001)(holding application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of tolling provision of the AEDPA; thus, the time for filing federal habeas petition was not tolled during pendency of petitioner's first federal habeas petition).  Thus, petitioner's time ran continuously from November 24, 2003, and there was no tolling during the pendency of his first federal habeas action.  On March 22, 2005, petitioner then filed a second motion for habeas relief in the state circuit court.  At this point,  sixteen months of un-tolled time had passed since the conclusion of petitioner's first PCR. Even if his second PCR could toll the statue of limitations, which it could not[4],  petitioner  was already outside of the one-year period to file a federal habeas action when he filed his second PCR.

---

[4] The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added). See 28 U.S.C. § 2244 (d)(2). As this was not "properly filed," the second motion for collateral review would not have tolled the limitations.

13

Therefore, when petitioner filed this habeas petition on July 12, 2006, the statute of limitations had already run. Accordingly, this habeas action is time-barred and should be dismissed.

The undersigned notes that the Fourth Circuit has held that the one year statute of limitations is subject to equitable tolling. Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003). However, in Harris v. Hutchinson, the Fourth Circuit held that circumstances will rarely warrant equitable tolling and the petitioner has the burden of showing that he is entitled to this extraordinary relief. 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d at 246. The doctrine of equitable tolling "has been applied in two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time. Harris, 209 F.3d at 330 (internal quotation marks omitted). "[A]ny resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* Petitioner has not presented any extraordinary circumstances beyond his control or external to his own conduct  that prevented him from filing on time. Therefore, it is recommended that the petition be dismissed as it is barred by the statute of limitations.

## VI. CONCLUSION

14

Based on the foregoing, it is recommended that respondent's motion for summary judgment (Docket Entry # 25) be GRANTED and petitioner's petition for Writ of Habeas Corpus should be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 6, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**