IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RONALD CEO, | ) | Civil Action No.: 4:06-cv-2003-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN OF LEE CORRECTIONAL INSTITUTION, | ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Ronald Ceo, is a state prisoner proceeding *pro se* under Title 28 U.S.C. § 2254.

Currently pending is Respondent's [Docket Entry #25] motion for summary judgment. This motion is before the court with the Report and Recommendation [Docket Entry #32] of Magistrate Judge Thomas E. Rogers, III, filed on February 6, 2008.[1]

In his Report and Recommendation, the Magistrate Judge recommended that the Respondent's motion for summary judgment be granted concluding that the instant petition was barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). On February 20, 2008, Petitioner timely filed objections to the Magistrate Judge's Report and Recommendation.

**Background**

In this action, Petitioner attempts to renew a previous § 2254 action that was dismissed without prejudice on his own motion on January 21, 2005. *Ceo v. Ozmint, et al.*, 4:04-213-

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02.

RBH (D.S.C. 2004).  In the prior action, Petitioner's petition was served and Respondents filed a Return and Motion for Summary Judgment.  The Magistrate Judge issued a Report and Recommendation in which summary judgment was recommended for the Respondents.  Before this court could rule on the Magistrate Judge's Report and Recommendation, Petitioner moved to dismiss the action without prejudice, which this court granted on January 21, 2005.  Petitioner filed a motion to reopen the prior § 2254 action on July 26, 2006, which this court denied on March 15, 2007.

The current petition for writ of habeas corpus was filed on July 12, 2006.  The pertinent dates concerning the statute of limitations are as follows: 1) June 7, 2000 - S.C. Court of Appeals affirmed state court conviction and sentence; 2) July 7, 2000 - direct review of state court conviction and sentence became final; 3) August 28, 2000 - first state PCR application was filed; 4) November 24, 2003 - first state PCR application became final; 5) January 30, 2004 - first federal habeas corpus petition was filed; 6) January 21, 2005 - first federal habeas corpus petition was dismissed without prejudice on Petitioner's motion; and 7) March 22, 2005 - state habeas corpus petition was filed in circuit court.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28

U.S.C. § 636(b)(1). However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Magistrate Judge concluded that 52 days of non-tolled time passed between the

conclusion of direct review of Petitioner's state court conviction and sentence and the filing of Petitioner's first state PCR action (July 7, 2000 through August 28, 2000 = 52 days). The statute of limitations was tolled during the pendency of Petitioner's first state PCR action (August 28, 2000 until November 24, 2003). *See* 28 U.S.C. § 2244(d)(2). Thereafter, the statute of limitations ran, un-tolled, for 961 days until the filing of the instant habeas corpus petition on July 12, 2006 (November 24, 2003 through July 12, 2006 = 961 days).[2] As a result, 1013 days of non-tolled time passed before the Petitioner filed the instant petition (52[3] + 961[4] = 1013), well beyond the one-year statute of limitations set forth in § 2244(d).

The Magistrate Judge also concluded that Petitioner had presented no basis for equitable tolling of the statute of limitations. The Fourth Circuit has held that equitable tolling of the statute of limitations is appropriate only if the Petitioner presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party

---

[2] As the Magistrate Judge noted, the filing of Petitioner's first federal habeas corpus petition on January 30, 2004, did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2) because the limitations period is not tolled during the pendency of a <u>federal</u> habeas corpus petition. *See Duncan v. Walker*, 533 U.S. 167 (2001). The Magistrate Judge also noted that Petitioner's state habeas corpus petition filed on March 22, 2005, did not toll the statute of limitations because it was not "properly filed." However, even if Petitioner's state habeas corpus petition could toll the statute of limitations, the instant petition would still be untimely because 536 days of non-tolled time passed before Petitioner filed his state habeas corpus petition.

[3] Number of days between the date direct review of Petitioner's state court conviction and sentence became final and initiation of Petitioner's first PCR action.

[4] Number of days between the date Petitioner's first PCR action became final and date Petitioner initiated instant habeas action.

4

and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). A review of the record does not reveal any circumstances, *external to Petitioner's own conduct*, that would warrant equitable tolling.

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. Specifically, the court agrees that the instant habeas corpus action is barred by the applicable one-year statute of limitations and that there is no basis for equitable tolling. The court has reviewed Petitioner's objections and finds that they are without merit.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #32] of the Magistrate Judge. Respondent's [Docket Entry #25] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

Florence, South Carolina  
February 26, 2008

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge